**LIN BIN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 08–0175–ag.

United States Court of Appeals, Second Circuit.

Aug. 6, 2008.

Troy Nader Moslemi, All Peoples Law Center, P.A., Miami, FL, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Michael P. Lindemann; Assistant Director; Douglas E. Ginsburg, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

---

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Lin Bin, a native and citizen of the People's Republic of China, seeks review of a December 19, 2007 order of the BIA affirming the April 11, 2006 decision of Immigration Judge ("IJ") Sandy Hom, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin Bin*, No. A98 595 369 (B.I.A. Dec. 19, 2007), *aff'g* No. A98 595 369 (Immig. Ct. N.Y. City Apr. 11, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Matter of J–Y–C–*, 24 I. & N. Dec. 260, 265 (BIA 2007).

We find that the agency's adverse credibility finding is supported by substantial evidence. The IJ found that Bin's hesitant demeanor reflected negatively on his credibility. We have held that a fact-finder who assesses testimony together with witness demeanor is in the best position to discern "whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script.'" *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). It is clear that the agency's demeanor findings merit significant deference, and the finding in this case is no exception.

The IJ also expressed concern that Bin "provides nothing, by way of corroboration, as to his practice of Falun Gong, while in China." An applicant's failure to corroborate his testimony may bear on credibility because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006). In addition, an IJ need not first identify the particular pieces of missing, relevant evidence, and show that this evidence was reasonably available to the applicant before relying on a lack of corroboration to support an adverse credibility finding. *Id.* Accordingly, it was proper for the IJ to rely in part on Bin's failure to corroborate his claims where the IJ had already called his testimony into question. *Id.*

Finally, the IJ noted two inconsistencies between Bin's testimony and his father's: (1) Bin's testimony that he had been practicing Falun Gong in his pajamas while his father was watching television was inconsistent with his father's testimony that his son was practicing Falun Gong in casual clothing while he was cooking; and (2) Bin's testimony that his mother had given up the practice of Falun Gong was inconsistent with his father's testimony that his wife still practiced. As to the latter find-

ing, it is plainly material to Bin's claim where it calls into question Lin's assertion that he ever practiced Falun Gong. 8 U.S.C. § 1158(b)(1)(B)(iii). As to the former, though it is a minor inconsistency, the REAL ID Act makes clear that inconsistencies need not go to the heart of an applicant's claim to merit consideration. Even if we were to assume that this inconsistency finding was too insignificant to merit any weight, remand would moreover, be futile in this case because the IJ's broader credibility determination is amply supported by the record. *Id.* Accordingly, we can confidently predict that the IJ would reach the same decision were the case remanded. *See Xiao Ji Chen,* 471 F.3d at 339.

To the extent that Bin based his claim for withholding of removal on the same factual predicate as his asylum claim, which the IJ properly found to lack credibility, his withholding of removal claim necessarily fails. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Finally, because Bin fails to argue that the IJ erred in denying him CAT protection, we consider any such argument waived. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.